UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**REMAND/MADE JS-6**

| Case No. | CV 09-9297-GW (CWx) | Date | February 2, 2010 |
|---|---|---|---|
| Title | *Wachovia Mortgage FSB v. Abel Flores, et al.* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**     (IN CHAMBERS):  **ORDER REMANDING ACTION TO STATE COURT**

This matter is presently set for a Scheduling Conference on February 4, 2010. That date will be vacated as the result of this Order.

The Court is in receipt of a Notice of and Application for the Removal of State Court Action: Case No. 09U11841 to the Ferderal [*sic*] Court Jurisdiction Pursuant to 28 § [*sic*] U.S.C. Section 1446 filed by defendant Abel Flores ("Defendant") on December 18, 2009. Defendant, who is appearing *pro se*, asserts that this Court has subject matter jurisdiction over the matter on the basis of federal question jurisdiction and diversity jurisdiction. Plaintiff's complaint, filed in the Superior Court of California, County of Los Angeles, Limited Civil division, asserts a single cause of action for unlawful detainer. The Complaint contains no citations or references to federal law.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992). In seeking removal, Defendant bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986).

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Id.* at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). Thus, plaintiff is generally the "master of the claim." *Caterpillar*, 482 U.S. at 392. There is no federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**REMAND/MADE JS-6**

question jurisdiction even if there is a federal defense to the claim (a contention that Plaintiff does not make here). *See id.* The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *See Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir.1987).

Here, Defendant has removed an unlawful detainer action. Although the Notice of Removal asserts that there is "complete diversity," Defendant only alleges his United States citizenship and California residence. Putting aside these insufficient allegations as to his own citizenship (as it is understood for purposes of diversity jurisdiction), Defendant makes no allegations concerning the citizenship of Plaintiff. Moreover, despite alleging that the amount in controversy exceeds $75,000, neither the Notice of Removal nor the Complaint alleges any facts in support of that assertion. In fact, having been filed in the Limited Civil division of the Los Angeles County Superior Court, the Complaint's caption reveals that the amount demanded does not exceed $10,000.

Defendant's allegations in support of the existence of a federal question are similarly inadequate. The Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged in the Complaint, nor is there even any reference to federal law. Nevertheless, Defendant's Notice of Removal alleges that "Federal Jurisdiction result[s] from the Moving Party's Discovery Request And Demands for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE', and as to identify the statutory Basis for the discovery request/demands and other claims." These allegations are insufficient to establish the Court's federal question jurisdiction. It is the Complaint, and not the nature of Defendant's discovery requests that trigger the Court's jurisdiction (let alone discovery requests that themselves do not mention any federal law).

For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question or diversity jurisdiction exists. The Court lacks subject matter jurisdiction and hereby remands this action to the Superior Court of Los Angeles County.

The Court orders the matter remanded. The February 4, 2010, Scheduling Conference is vacated. The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

Deputy Clerk __JG____